**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **LONG ZHANG,** | |
| *Plaintiff,* | **Case No. 1:22-cv-05057** |
| v. | **Judge Marvin E. Aspen** |
| **UAB EKOMLITA,** | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A
PRELIMINARY INJUNCTION**

Plaintiff Long Zhang ("Plaintiff" or "Zhang") respectfully files this Memorandum in

Support of Plaintiff's Motion for entry of a preliminary injunction (the "PI Motion").

1

## MEMORANDUM

### I.     INTRODUCTION

Plaintiff Zhang respectfully requests preliminary injunctive relief based on an action for trademark infringement against Defendant UAB Ekomlita ("Defendant"). As alleged in the Complaint, Defendant intentionally trades upon Zhang's associated reputation and goodwill in U.S. Trademark Registration Number 6,724,851 (the "HUUSK Mark") by using the HUUSK Mark in commerce in connection with the sale and offering for sale of unlicensed chef knives (the "Infringing Goods") which is likely to cause consumer confusion. Defendant's infringing actions continue to irreparably harm Zhang from the loss of its intellectual property rights in the HUUSK Mark, including the exclusive right to use the HUUSK Mark in commerce and in connection with similar goods.

Defendant, from the comforts of Lithuania and China, targets business activities toward consumers in Illinois through at least the fully interactive and e-commerce website www.huusk.com. Specifically, Defendant is reaching out to conduct business with Illinois residents by operating www.huusk.com through which Illinois residents can and do purchase infringing goods bearing the HUUSK Mark. Zhang was forced to bring this action to combat the intentional infringement of the HUUSK Mark and to guard against consumer confusion in the marketplace. Defendant's ongoing infringing activities should be preliminarily restrained to prevent further irreparable harm to Zhang's intellectual property rights. As such, Zhang respectfully requests that this Court issue a preliminary injunction, extending the relief previously granted in the TRO until a trial can be had on the merits.

## II.     PROCEDURAL HISTORY

Zhang filed the Complaint (Dkt. No. 1) against Defendant on September 16, 2022 alleging trademark infringement. Zhang then moved for an *ex parte* temporary restraining order (Dkt. No. 8) on September 29, 2022. The Court granted Zhang's *ex parte* motion and entered a Temporary Restraining Order (Dkt. No. 13) on October 3, 2022. Zhang then served Defendant on October 5, 2022 via electronic mail per the terms of the TRO.

## III.     STATEMENT OF FACTS

### A.     Zhang and the HUUSK Mark

Zhang is a private citizen and resident of the People's Republic of China. Zhang is an owner of Yiwu LiuHua Trading Co. which operates or licenses a few Amazon storefronts that sell HUUSK branded kitchen knife and shearing goods within the United States. One such licensed storefront is SMITH CHU-US which has earned a 100% five-star rating in the last 12 months on 352 reviews. Customer reviews of the goods themselves are similarly highly rated. For example, one listing has earned a 4.3 out of 5 star rating on 387 reviews. Customers regularly praise the HUUSK branded knives for their utility, design, and affordability. As such, Zhang has built substantial goodwill and associated reputation with the HUUSK Mark amongst consumers. *See* Exhibit A, Zhang Declaration.

On August 31, 2021, Zhang filed Trademark Application Serial Number 97,003,902 (the "HUUSK Application") for the standard character mark "HUUSK" with the United States Patent and Trademark Office ("USPTO") and claimed a first use in commerce date of at least as early as February 12, 2020[1]. Zhang further submitted an evidence of use specimen exhibiting the HUUSK

---

[1] The original application claimed in error the first use in commerce date of July 25, 2021. A Section 7 request to correct the date was filed with USPTO on July 21, 2022.

Mark currently in use on a point-of-sale website in connection with International Class 8 goods

for: Sabers being swords; Chef knives; Electric beard trimmers; Foot care implements, namely,

foot scrapers; Gardening shears and scissors; Kitchen knives; Knives, forks, and spoons being

tableware; Paring knives; Pocket knives; Scaling knives; Scissors for children; Scissors for

household use; Sewing scissors; Sport knives; Utility knives. The HUUSK Application was

published for opposition on February 22, 2022 and carries a registration date of May 24, 2022 with

Registration Number 6,724,851. The HUUSK Mark has been used continuously in commerce

since registration and the HUUSK Mark is a distinctive mark. Zhang is the lawful owner of all

rights, title, and interest in the HUUSK Mark. *See* Exhibit B, Certificate of Registration.

The certificate of registration of the HUUSK Mark constitutes *prima facia* evidence of the

validity and registration of the HUUSK Mark, of Zhang's ownership of the HUUSK Mark, and of

Zhang's exclusive right to use the HUUSK Mark in commerce or in connection with the goods

specified in the certificate, pursuant to 15 U.S.C. § 1057(b).

### B. Defendant's Infringing Activities

Defendant is a foreign business entity incorporated under the laws of Lithuania with

counterfeit product warehouses located in China. *See* Exhibit C, Defendant's Terms of Service.

Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used

the HUUSK Mark in commerce and in connection with goods of the same International Class 8

via the fully interactive e-commerce website www.huusk.com. *See* Exhibit D, Defendant's

Website.

On November 1, 2021, Defendant filed Trademark Application Serial Number 97,103,049

("Defendant's Applied for Mark") for the standard character mark "HUUSK" and claimed a

foreign registration priority date of October 15, 2021 (Foreign Registration Number

UK00003649198). *See* Dkt. No. 1-3. Defendant's Applied for Mark was similarly classified under International Class 8 for: Sports and utility knives; Chef knives; Knife holders; Knives for hobby use; Sharpening steels. On September 21, 2022, the USPTO issued a Final Office Action refusing registration of Defendant's Applied for Mark due to a likelihood of confusion with the HUUSK Mark. In the opinion of the USPTO, Defendant's Applied for Mark is identical to the HUUSK Mark and the designated goods are related. Therefore, it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods. *See* Exhibit E, Final Office Action by USPTO.

## IV. ARGUMENT

Absent the entry of a preliminary injunction, Defendant's intentional infringing activities will continue to cause irreparable harm to Zhang's associated reputation and goodwill in the HUUSK Mark. Here, the entry of a preliminary injunction is appropriate because it would immediately stop Defendant from continuing to benefit from the infringing use of the HUUSK Mark and preserve the *status quo* for the pendency of the litigation.

### A. The Preliminary Injunction Standard

Federal Rule of Civil Procedure 65(a) provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a). A plaintiff seeking a preliminary injunction must show: "(1) a likelihood that it will prevail on the merits of the lawsuit, (2) that it will suffer irreparable harm without injunctive relief, and (3) that there is no adequate remedy at law." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'n*, No. 13 C 2167, 2013 U.S. Dist. LEXIS 47248, at \*4 (N.D. Ill. Mar. 27, 2013) (*citing Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). "If these requirements are met, the court must then balance the degree of irreparable harm to the plaintiff against the harm that the defendant will

suffer if the injunction is granted." *Deckers*, 2013 U.S. Dist. LEXIS 47248 at *4 (*citing Incredible Techs.*, 400 F.3d at 1011)); *see also Boucher v. Sch. Bd. of the Sch. Dist. of Greenfield*, 134 F.3d 821, 824 (7th Cir. 1998). "Lastly, the court must consider the public interest (non-parties) in denying or granting the injunction." *Decker*, 2013 U.S. Dist. LEXIS 47248 at *4. "The court must apply a sliding scale approach in determining whether to issue a temporary restraining order - the more likely the plaintiff will succeed on the merits, the less the balance of irreparable harms needs to be to favor the plaintiff's position." *Decker*, 2013 U.S. Dist. LEXIS 47248 at *4 (*citing TY, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001)).

### B.     Zhang Meets the Preliminary Injunction Standard

Herein, Zhang establishes: (1) a likelihood of success on the merits of the trademark infringement claim; (2) that it will suffer irreparable harm in the form of loss of goodwill and reputation associated with the HUUSK Mark without injunctive relief, and (3) that there is no adequate remedy at law. Further, the balance of harms and the public interest favor granting a preliminary injunction.

#### i.     *Zhang Will Likely Succeed on the Merits*

A person is liable for trademark infringement under the Lanham Act if they, "without the consent of the registrant, use[s] in commerce, any reproduction, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods… which such use is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114(1). Therefore, to establish a *prima facie* case of trademark infringement, a plaintiff must establish two elements: (1) that its mark is protected under the Lanham Act; and (2) that the challenged mark is likely to cause confusion among consumers. *Barbecue Marx, Inc. v. 551 Ogden, Inc.*, 235 F.3d 1041, 1043 (7th Cir. 2000).

Here, the HUUSK Mark is registered with the USPTO and has been used continuously since registration. Ex. A at ¶ 7. Moreover, the HUUSK Mark is a distinctive mark. The certificate of registration of the HUUSK Mark constitutes *prima facia* evidence of the validity and registration of the HUUSK Mark, of Zhang's ownership of the HUUSK Mark, and of Zhang's exclusive right to use the HUUSK Mark in commerce or in connection with the goods specified in the certificate, pursuant to 15 U.S.C. § 1057(b). Furthermore, Zhang has not licensed nor authorized Defendant to use the HUUSK Mark. Ex. A at ¶ 8. Thus, Zhang satisfies the first element of its trademark infringement claim.

The Seventh Circuit has held that where "one produces counterfeit goods in an apparent attempt to capitalize upon the popularity of, and demand for, another's product, there is a presumption of a likelihood of confusion." *Microsoft Corp. v. Rechanik*, 249 F. App'x 476, 479 (7th Cir. 2007). Accordingly, the Court can presume a likelihood of confusion from Defendant's use of the HUUSK Mark on identical knife goods.

Moreover, a strong case for likelihood of confusion as to the origin or sponsorship of Defendant's products by Plaintiff exists here in light of the Seventh Circuit's enumerated factors: (1) similarity between the marks in appearance and suggestion; (2) similarity of the products/services; (3) area and manner of concurrent use; (4) degree of care likely to be exercised by consumers; (5) strength of complainant's mark; (6) actual confusion; and, (7) intent of the defendants to palm off their products as that of another. *AutoZone, Inc. v. Strick*, 543 F.3d 923, 929 (7th Cir. 2008). No one factor is dispositive, but the similarity of the marks, actual confusion, and the defendant's intent are "particularly important." *Id.*

Here, Zhang has submitted evidence showing that Defendant is selling counterfeit knife products that are nearly identical to Zhang's genuine knife products and is using an infringing and

counterfeit mark identical to the HUUSK Mark.  *See* Exs. B, D, and E; *see also* Dkt. Nos. 1-3 and

1-4. Both Zhang and Defendant advertise and sell their products to consumers via the Internet and

target similar consumers searching for genuine Zhang knife products. Ex. A at ¶ 9. Those

consumers are diverse with varying degrees of sophistication, and they are likely to have difficulty

distinguishing the counterfeit good from the genuine goods. Indeed, it appears that Defendant is

intentionally trying to induce consumers looking for genuine products to purchase counterfeit

products instead.  In that regard, Defendant advertises counterfeit products under the HUUSK

Mark.

The most compelling evidence of a likelihood of consumer confusion stems from

Defendant's Applied for Mark which was refused registration by the USPTO due to a likelihood

of confusion with the HUUSK Mark. In the opinion of the USPTO, Defendant's Applied for Mark

is identical to the HUUSK Mark so that it is likely consumers would be confused, mistaken, or

deceived as to the commercial source of the goods. Further, in the opinion of the USPTO, Zhang

and Defendant's marked products are the same. *See* Dkt. No. 1-4.

Evidence of actual consumer confusion is not required to prove that a likelihood of

confusion exists, particularly given the compelling evidence that Defendant is attempting to "palm

off" their goods as genuine p roducts. *CAE, Inc. v. Clean Air Eng'g, Inc.*, 267 F.3d 660, 685 (7th

Cir. 2001). Accordingly, Zhang is likely to establish a likelihood of consumer confusion.

Therefore, Zhang has established a *prima facie* case of trademark infringement and demonstrated

a likelihood of success on the merits of that claim.

ii.     *There Is No Adequate Remedy at Law and Zhang Will Suffer Irreparable Harm in the Absence of a Preliminary Injunction*

Since Zhang has shown a likelihood of success of the merits, Zhang is entitled to a rebuttable presumption of irreparable harm. 15 U.S.C. § 1116(a) ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding… of likelihood of success on the merits for a violation identified in this subsection in the case of a motion for a preliminary injunction or temporary restraining order."). Moreover, the Seventh Circuit has "clearly and repeatedly held that damage to a trademark holder's goodwill can constitute irreparable injury for which the trademark owner has no adequate legal remedy." *Re/Max N. Cent., Inc. v. Cook,* 272 F.3d 424, 432 (7th Cir. 2001) (*citing Eli Lilly & Co. v. Natural Answers, Inc.,* 233 F.3d 456, 469 (7th Cir. 2000)). Irreparable injury "almost inevitably follows" when there is a high probability of confusion because such injury "may not be fully compensable in damages." *Helene Curtis Industries, Inc. v. Church & Dwight Co., Inc.*, 560 F.2d 1325, 1332 (7th Cir. 1977) (citation omitted). "The most corrosive and irreparable harm attributable to trademark infringement is the inability of the victim to control the nature and quality of the defendants' goods." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.,* 846 F.2d 1079, 1092 (7th Cir. 1988). As such, monetary damages are likely to be inadequate compensation. *Ideal Indus., Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018, 1026 (7th Cir. 1979).

Here, Defendant's unauthorized use of the HUUSK Mark has and continues to irreparably harm Zhang through diminished goodwill and brand confidence, damage to Zhang's reputation, loss of exclusivity, and loss of future sales. Ex. A at ¶ 10. The extent of the harm to Zhang's reputation and goodwill and the possible diversion of customers due to a loss in brand confidence, are both irreparable and incalculable, thus warranting an immediate halt to Defendant's infringing

activities through injunctive relief. *See Promatek Industries, Ltd. v. Equitrac Corp.,* 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law). Zhang will suffer immediate and irreparable injury, loss, and damage if a preliminary injunction is not issued. Ex. A at ¶ 11.

> iii. *The Balance of Harms and the Public Interest Favor Entry of a Preliminary Injunction*

The Court is to consider the harm Defendant will suffer if preliminary relief is granted, balancing such harm against the irreparable harm Zhang will suffer if relief is denied. *Ty, Inc.*, 237 F.3d at 895. As likely willful infringers, Defendant is entitled to little equitable consideration. "When considering the balance of hardships between the parties in infringement cases, courts generally favor the trademark owner." *Krause Int'l Inc. v. Reed Elsevier, Inc*., 866 F. Supp. 585, 587-88 (D.D.C. 1994). "One who adopts the mark of another for similar goods acts at his own peril since he has no claim to the profits or advantages thereby derived." *Burger King Corp. v. Majeed,* 805 F. Supp. 994, 1006 (S.D. Fla. 1992) (internal quotation marks omitted). Therefore, the balance of harms "cannot favor a defendant whose injury results from the knowing infringement of the plaintiff's trademark." *Malarkey-Taylor Assocs., Inc*. *v. Cellular Telecomms. Indus. Ass'n,* 929 F. Supp. 473, 478 (D.D.C. 1996).

As Zhang has demonstrated, Defendant has profited from the sale of counterfeit products. Thus, the balance of equities tips decisively in Zhang's favor. The public is currently under the false impression that Defendant is operating their e-commerce store with Zhang's approval or endorsement. In this case, the injury to the public is significant, and the injunctive relief that Zhang seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendant's actions. As such, equity requires that Defendant be ordered to cease their infringing conduct.

## V.      THE EQUITABLE RELIEF SOUGHT IS APPROPRIATE

The Lanham Act specifically authorizes the injunctive relief sought: "The several courts vested with jurisdiction of civil actions arising under this chapter shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office…" 15 U.S.C. § 1116(a).

Here, jurisdiction is proper as this Court has original subject matter jurisdiction over the claims in this action pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq., 28 U.S.C. § 1338(a)–(b), and 28 U.S.C. § 1331. This Court may properly exercise personal jurisdiction over Defendant since Defendant targets business activities toward consumers in Illinois through at least the fully interactive and e-commerce website www.huusk.com which offers shipping to the United States, including Illinois. *See* Exhibit F, Defendant's Shipping Policy. Further, venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Defendant is a foreign entity residing in Lithuania.

Zhang requests a preliminary injunction thereby enjoining Defendant from further using in commerce any reproduction, counterfeit, copy, or colorable imitation of the HUUSK Mark in connection with the sale, offering for sale, distribution, or advertising of knife goods which such use is likely to cause confusion, or to cause mistake, or to deceive. Such relief is necessary to stop the ongoing harm to Zhang's HUUSK Mark and the associated goodwill, as well as the confusion related harm to consumers, and to prevent the Defendant from continuing to benefit from their unauthorized use of the HUUSK Mark until a trial on the merits. Such relief is in accord with the principles of equity and is reasonable to prevent the violation of Plaintiff's registered HUUSK Mark.

## V.    CONCLUSION

Plaintiff Zhang respectfully prays for the entry of preliminary injunction thereby enjoining

Defendant from further infringing the HUUSK Mark for the pendency of this litigation.


DATED: October 12, 2022                          Respectfully submitted,

                                                 By: */s/ Timothy T. Wang*
                                                 David R. Bennett
                                                 **DIRECTION IP LAW**
                                                 P.O. Box 14184
                                                 Chicago, Illinois 60614
                                                 Tel: (312) 291-1667
                                                 dbennett@directionip.com

                                                 Of Counsel:
                                                 Timothy T. Wang
                                                 Texas Bar No. 24067927
                                                 twang@nilawfirm.com

                                                 **NI, WANG & MASSAND, PLLC**
                                                 8140 Walnut Hill Ln., Ste. 500
                                                 Dallas, TX 75231
                                                 Tel: (972) 331-4600
                                                 Fax: (972) 314-0900

                                                 *Counsel for Plaintiff*