**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LONG ZHANG, | |
| *Plaintiff*, | Case No. 1:22-cv-05057 |
| v. | Judge Marvin E. Aspen |
| UAB EKOMLITA, | JURY TRIAL DEMANDED |
| *Defendant*. | |

**RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Long Zhang ("Plaintiff" or "Zhang") respectfully submits this Response to Defendant UAB Ekomlita's ("Defendant") Motion to Dismiss Plaintiff's Complaint ("MTD"), and, in support thereof, respectfully states as follows:

## I. INTRODUCTION

Defendant's MTD asks the Court to rule on the merits of this case. To do so would contradict the fundamental rule that the purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. Accepting the allegations of the complaint as true and viewing the facts in the light most favorable to Plaintiff, it is unquestionable that Plaintiff's Complaint sufficiently and plausibly alleges Plaintiff's trademark infringement cause of action against Defendant. As such, Defendant's MTD must be denied.

The facts that Plaintiff alleged in his Complaint is straightforward. Plaintiff is a private citizen and resident of the People's Republic of China. Plaintiff's Complaint, Dkt. No. 1 (hereinafter "Complaint") at ¶ 5. Plaintiff is the owner of the "huusk" mark. *Id*; *see also* Dkt. No. 1-2 (Plaintiff's huusk trademark Certificate of Registration). On August 31, 2021, Plaintiff filed Trademark Application Serial Number 97-003,902 (the "huusk application") for the standard character mark "huusk." Complaint at ¶ 7. Plaintiff's claimed first use in commerce date is at least as early as February 12, 2020[1]. Dkt. No. 16 at p. 3. The huusk application was published for opposition on February 22, 2022 and carries a registration date of May 24, 2022 with Registration Number 6,724,851, *i.e.*, the "huusk" mark. Complaint at ¶ 10. The huusk application was classified under International Class 8 for the following products: Sabers being swords; Chef knives; Electric beard trimmers; Foot care implements, namely, foot scrapers; Gardening shears and scissors;

---

[1] The original application claimed in error the first use in commerce date of July 25, 2021. A Section 7 request to correct the date was filed with USPTO on July 21, 2022. *See* Dkt. No. 33-12.

Kitchen knives; Knives, forks, and spoons being tableware; Paring knives; Pocket knives; Scaling knives; Scissors for children; Scissors for household use; Sewing scissors; Sport knives; Utility knives. *Id* at ¶ 9.

Defendant is a foreign business entity incorporated under the laws of Lithuania. *Id* at ¶ 14. Defendant conducts business throughout the United States, including within the State of Illinois, through the operation of the fully interactive e-commerce website www.huusk.com, which uses the "huusk" mark in commerce and in connection with Class 8 goods. *Id* at ¶ 15. Defendant has offered to sell, and, on information and belief, has sold and continues to sell Infringing Goods bearing the "huusk" mark to consumers within the United States, including the State of Illinois, via www.huusk.com. *Id* at ¶ 16. Defendant currently does not have a license nor any other form of authorization from Plaintiff to use the "huusk" mark in commerce or in connection with International Class 8 goods. *Id* at ¶ 13.

Pursuant to 15 U.S.C. § 1057(b), the certificate of registration of the "huusk" mark constitutes *prima facia* evidence of the validity and registration of the "huusk" mark, of Zhang's ownership of the "huusk" mark, and of Zhang's exclusive right to use the "huusk" mark in commerce or in connection with the goods specified in the certificate. Additionally, Defendant currently does not have a license nor any other form of authorization from Plaintiff to use the "huusk" mark in commerce or in connection with International Class 8 goods. As such, it is clear that Plaintiff has sufficiently and plausibly alleged his trademark infringement complaint against Defendant.

II.     LEGAL AUTHORITIES

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to rule on its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When

considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court accepts the allegations of the complaint as true and views the facts in the light most favorable to the plaintiff. *Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir. 1996). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ARGUMENTS

Instead of making any argument to challenge the sufficiency of Plaintiff's Complaint, Defendant's MTD exclusively focuses on the merits of this case. However, accepting the allegations of the complaint as true and viewing the facts in the light most favorable to Plaintiff, as the law requires, there is no question that Plaintiff has sufficiently and plausibly alleged his trademark infringement complaint against Defendant. Therefore, Defendant's MTD must be denied.

### A. Plaintiff's Complaint Sufficiently and Plausibly Alleges Plaintiff's Trademark Infringement Cause of Action Against Defendant.

To *state* a claim for trademark infringement, a plaintiff must *allege* that: (1) it has a protectable right in the asserted trademarks; and (2) the defendant's use of the mark is likely to cause confusion. *George G, LLC v. George Charles Salon, Inc.*, No. 1:21-cv-02651, 2022 U.S. Dist. LEXIS 48427, at * 7 (N.D. Ill. Mar. 18, 2022) (citations omitted) (emphasis added). "At the pleading stage, plaintiff need only allege, not prove the elements of a trademark infringement claim." *VitalGo, Inc. v. Kreg Therapeutics, Inc.*, No. 16-cv-5577, 2017 U.S. Dist. LEXIS 210362, at *30 (N.D. Ill. Dec. 21, 2017) (quotation omitted). Here, Plaintiff's Complaint sufficiently alleged such facts.

3

It is not disputed that Plaintiff's huusk application was published for opposition on February 22, 2022, and carries a registration date of May 24, 2022 with Registration Number 6,724,851, *i.e.*, the "huusk" mark. Complaint at ¶ 10. As such, Plaintiff is the owner of the "huusk" mark. *Id*. at ¶ 10. It is also not disputed that Defendant currently does not have a license nor any other form of authorization from Plaintiff to use the "huusk" mark in commerce or in connection with International Class 8 goods. *Id* at ¶ 13. Clearly, Plaintiff's Complaint sufficiently alleges that Plaintiff has a protectable right in the asserted trademark – the "huusk" mark.

Plaintiff also sufficiently alleged that Defendant's use of the "huusk" mark is likely to cause confusion. For instance, Plaintiff alleged that the "unauthorized use of the HUUSK Mark by Defendant on such similar goods is likely to cause consumer confusion as to the source of those goods or as to the sponsorship or approval of such goods, resulting in irreparable harm to Plaintiff." Complaint at ¶ 23. Plaintiff also alleged that "Defendant has used in commerce a reproduction, counterfeit, copy, or colorable imitation of the HUUSK Mark in connection with the sale, offering for sale, distribution, or advertising of similar goods, *i.e.*, the Infringing Products. Such use is likely to cause confusion, or to cause mistake, or to deceive consumers, in violation of 15 U.S.C. § 1114." *Id*. at ¶ 26. Indeed, as Plaintiff alleged, "On August 17, 2002, the USPTO issued a Non-Final Office Action refusing registration of Defendant's Applied for Mark due to a likelihood of confusion with the HUUSK Mark. *See* Exhibit C, Non-Final Office Action." *Id*. at ¶ 19.

Accepting such allegations in Plaintiff's Complaint as true and viewing the facts in the light most favorable to Plaintiff, it is undoubtedly that Plaintiff has sufficiently alleged that: (1) it has a protectable right in the asserted trademarks; and (2) the defendant's use of the mark is likely to cause confusion.

**B. Defendant Failed to Cite Any Authority to Support Its MTD.**

Defendant fails to cite any authority to support its argument that the Court should rule on the validity of the "huusk" mark at the 12(b)(6) stage. The cases that Defendant cited are rulings on Rule 56 summary judgement motions or other similar motions involving a determination of the merits. *See*, *e.g.*, *Purepecha Enters. v. El Matador Spices & Dry Chiles*, No. 11 C 2569, 2012 U.S. Dist. LEXIS 120499, at * 2 (N.D. Ill. Aug. 24, 2012) ("For the following reasons, the Court grants in part and denies in part Defendants'/Counter-Plaintiffs' motion for summary judgment and grants in part and denies in part Plaintiff's/Counter-Defendants' motion for partial summary judgment."); *Cent. Mfg. v. Brett*, 492 F.3d 876, 884 (7th Cir. 2007) ("The judgment of the district court is AFFIRMED."); *Johnny Blastoff, Inc. v. L.A. Rams Football Co.*, 188 F.3d 427, 433 (7th Cir. 1999) ("This Court reviews a district court's grant of summary judgment de novo."); *Neopost Industrie B.V. v. PFE Int'l, Inc.*, 403 F. Supp. 2d 669, 672 (N.D. Ill. 2005) ("At the conclusion of Neopost's case-in-chief, PFE moved for judgment as a matter of law under Federal Rule of Civil Procedure 52(c) on Neopost's trademark and patent claims."); *TWD, LLC v. Grunt Style LLC*, No. 18 C 7695, 2022 U.S. Dist. LEXIS 66929, at * 5 (N.D. Ill. Apr. 12, 2022) ("Grunt Style now moves for partial summary judgment."); *Torres v. Torresella*, 808 F.2d 46, 47 (Fed. Cir. 1986) ("Torresella then moved for summary judgment based on Torres' answers to interrogatories and answers to requests for admissions."); *Gen. Car & Truck Leasing Sys., Inc. v. Gen. Rent-A-Car, Inc.*, No. 88-6500-CIV, 1990 U.S. Dist. LEXIS 12749, at *1 (S.D. Fla. July 6, 1990) ("THIS CAUSE is before the Court on motion of Defendant GENERAL RENT-A-CAR for partial Summary Judgment as to Count I of the Complaint for this cause.");and *Medinol Ltd. v. Neuro Vasx, Inc.*, 67 U.S.P.Q.2D (BNA) 1205, 1205 (Trademark Trial & App. Bd. May 13, 2003) ("Now ready for decision is

5

respondent's motion to amend its registration and for summary judgment, filed on January 9, 2003.")[2].

As such, if the authorities that Defendant cited support anything, it is that the Court should allow Plaintiff to develop this case further instead of prematurely dismissing Plaintiff's Complaint. *See Arcadia Grp. Brands Ltd. v. Studio Moderna SA*, No. 10 C 7790, 2011 U.S. Dist. LEXIS 90554 at *7-8 (N.D. Ill. Aug. 15, 2011) ("It is premature at the motion to dismiss stage to resolve whether Moderna's registration is valid… Arcadia was not required to allege detailed facts concerning priority or actual use in order to state a valid claim for relief… The issue of priority and whether Arcadia in fact has a protectable mark involves factual issues that cannot be resolved based on the allegations in the complaint at this juncture.").

## C. Defendant's Factual Allegations Regarding Plaintiff Are Meritless.

Even if the Court is going to rule on the merits in this case, it is unquestionable that Plaintiff is the rightful owner of the "huusk" mark. When arguing priority, Defendant did nothing more than reiterating what it argued in its Opposition to Plaintiff's Motion for Entry of a Preliminary Injunction, which Plaintiff has fully rebutted in his reply. Dkt. No. 38. It is worth to note again that there is credible evidence showing that the "Date First Available" of Plaintiff's huusk marked

---

[2] Indeed, Defendant cannot find any authorities to support its argument that the Court should dismiss Plaintiff's Complaint. It created a false impression that this Circuit has adopted a "cancellation-as-best-course" jurisprudence by citing a law review proposal. Dkt. No. 33 at pp.13-14 (citing the proposal as "Seventh Circuit Review, Volume 3, Issue 1, Fall 2007" whereas the correct citation should be "Anna B. Folgers, *The Seventh Circuit's Approach to Deterring the Trademark Troll: Say Goodbye to Your Registration and Pay the Costs of Litigation*, 3 SEVENTH CIRCUIT REV. 452 (2007). Available at: https://scholarship.kentlaw.iit.edu/seventhcircuitreview/vol3/iss1/14.") The discussed case, however, invoked the authority granted by 15 U.S.C. § 1119, which has no force on a rule 12(b)(6) motion. *Cent. Mfg*, 492 F.3d at 883.

products in commerce is February 12, 2020, a date predates any of Defendant's claimed priority date. *Id*. at p. 3.

Defendant's accusation of fraud against Plaintiff is purely based on speculation. While Plaintiff denies that it obtained the "huusk" mark by fraud, the fact is that the USPTO fully reviewed Plaintiff's specimen that are submitted together with the huusk application, *i.e.*, Plaintiff's listing screenshots. It then approved Plaintiff's application and issued the Certificate of Registration to Plaintiff. Such approval evidenced that the USPTO's examining attorney found that (1) the "huusk" mark appears on Plaintiff's specimen, (2) the specimen shows use for the specific goods/services identified, and (3) the specimen otherwise shows the applied-for mark in actual "use in commerce" at the time when the examining attorney reviewed it. *See* TMEP 904.07(a). This renders Defendant's speculation based on the listing websites' current situation completely meritless. Moreover, pointing to Plaintiff's prior attorney's unrelated activities has nothing to do with the validity of Plaintiff's "huusk" mark.

### IV. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss.

DATED January 4, 2023.　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　By: */s/ Timothy T. Wang*
　　　　　　　　　　　　　　　　　　　　　　Timothy T. Wang
　　　　　　　　　　　　　　　　　　　　　　Texas Bar No. 24067927
　　　　　　　　　　　　　　　　　　　　　　twang@nilawfirm.com

　　　　　　　　　　　　　　　　　　　　　　**NI, WANG & MASSAND, PLLC**
　　　　　　　　　　　　　　　　　　　　　　8140 Walnut Hill Ln., Ste. 500
　　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75231

7

Tel: (972) 331-4600
Fax: (972) 314-0900

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on the 4th day of January, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                             */s/ Timothy T. Wang*
                                             Timothy T. Wang