UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------X
LONG ZHANG,
                *Plaintiff(s)*,

-against-                                **Case No**.: 22-cv-05057

UAB EKOMLITA                                **Judge:** Marvin E. Aspen
                *Defendant(s)*.
---------------------------------------------------------X

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

      Defendant, UAB EKOMLITA ("UAB"), by and through undersigned counsel, respectfully files this Reply to Plaintiff's, LONG ZHANG ("Zhang"), Response to Plaintiff's Motion to Dismiss Plaintiff's Complaint, D.E. – 41, (the "Response") and states as follows:

**I.    INTRODUCTION**

      Zhang asserts that UAB's Motion to Dismiss is predicated on similar arguments as UAB's response to Zhang's motion for preliminary injunction. Zhang is *partially* correct. The multitude of misrepresentations and fabrications pled by Zhang to support his trademark infringement claim under 15 U.S.C. § 1114 are rife throughout Zhang's Complaint. In turn, UAB provided this Court with material issues pertinent to Zhang's claim demonstrating that Zhang fails to plead a cause of action. In its Motion to Dismiss (the "Motion"), UAB provides this Court with the necessary facts from the public record to show that Zhang fails to plead his protectable trademark right to the HUUSK mark at issue in this action (the "Mark" or "HUUSK"). These additional facts, in the form of trademark applications and registrations and supporting documents thereto, may be considered by the Court in a motion to dismiss phase. What UAB establishes through these facts is the invalidity of Zhang's trademark rights to HUUSK, as UAB has a superior claim to the trademark through its first and continued use in commerce of the Mark. This Court has the explicit power

pursuant to 15 U.S.C. § 1119 to cancel a trademark registration if it finds that the registration was invalidly procured. As such, UAB's Motion is proper and warrants dismissal of Zhang's Complaint.

Although UAB presented additional facts to defeat Zhang's claim for trademark infringement – which Zhang fails to address in any meaningful way – UAB maintains that Zhang fails to state a cause of action because Zhang cannot establish through his pleading that he has a protectable trademark right to HUUSK. However, should this Court deem these additional facts as premature, UAB respectfully requests this Court to convert UAB's Motion to Dismiss for failure to state a claim to a Rule 56 Motion for Summary Judgment.

### A. THIS COURT MAY CONSIDER PUBLIC RECORDS OF UAB'S EARLIER TRADEMARK APPLICATIONS THAN ZHANG AND CORRESPONDING DOCUMENTS TO ZHANG'S SECTION 7 REQUEST TO FIND THAT ZHANG FAILS TO STATE A CLAIM

Because Zhang fails to establish a protectable trademark in his pleading, Zhang fails to state a claim for trademark infringement under 15 U.S.C. § 1114.

> to state a claim under the causes of action asserted here, a plaintiff must **establish** that: (1) **the mark at issue is protectable**, and (2) the defendant's use of the mark is likely to cause confusion among consumers.

*Top Tobacco v. Fantasia Distribution Inc.*, 101 F. Supp. 3d 783, 788 (N.D. Ill. 2015) (Emphasis Added).

Zhang fails to establish a protectable trademark in his Complaint because UAB provides sufficient public record evidence to rebut Zhang's presumption of a valid trademark right to HUUSK, UAB shows how Zhang's Section 7 Request to change his first use in commerce date are based on information that do not support the requisite continued use in commerce, and otherwise shows how Zhang's trademark rights were invalidly procured.

2

> Normally, the Court cannot consider matters outside of the complaint on a Rule 12(b)(6) motion to dismiss unless it converts the motion into one for summary judgment. *See* Fed.R.Civ.P. 12(d). **There is an exception, however, for matters of public record like trademark applications**. *See Gen. Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1080 (7th Cir.1997) ("[A] district court [may] take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment."); *Rockland Expo., Inc. v. Alliance of Auto. Serv. Providers of N.J.,* 894 F.Supp.2d 288, 301 n.6 (S.D.N.Y 2012) (stating that a "service mark application is part of the USPTO public record"); *see also Hoganas AB v. Dresser Indus., Inc.,* 9 F.3d 948, 954 n.27 (Fed.Cir.1993) (taking judicial notice of a patent because it is "publicly accessible").

*Slep-Tone Ent. Corp. v. Teddy O'Brian's, Inc.*, No. 14 C 3570, 2014 WL 4783048, at *2 (N.D. Ill. Sept. 24, 2014) (Emphasis Added); *see also Reed v. Cnty. of Cook*, No. 12 CV 7736, 2013 WL 1749386, at *2 (N.D. Ill. Apr. 23, 2013) ("Although this order falls outside of the four corners of the complaint, district courts may "take judicial notice of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment.").

This Court may soundly grant a motion to dismiss after evaluating the factual support UAB provides in its Motion that amount to public records from trademark applications and registrations. *See id.* In its Motion, UAB properly brings forth pertinent facts surrounding the trademark registrations and applications of UAB to defeat Zhang's claim of having a protectable trademark. UAB provides proof of UAB's first use in commerce date well before Zhang's pled first use in commerce date. As public trademark records to support UAB's Motion, UAB provides its application for E.U. Trademark for use of the Mark (Exhibit F to the Motion), the first publication of same (Exhibit G to the Motion), its application for the U.K. Trademark for use of the Mark (Exhibit H to the Motion)—all of which are dated *before* Zhang's pled first use in commerce. These documents defeat Zhang's assertions that "[Zhang] is the owner of the 'huusk' mark." *See*

3

D.E. – 1, Compl. at ¶10. By evaluating these public records, UAB sufficiently rebuts the presumption of Zhang's registered trademark to HUUSK in Zhang's Complaint because UAB's first use in commerce predates Zhang's pled date first use in commerce date of July 25, 2021. UAB, not Zhang, has a valid and protectable trademark to HUUSK, warranting the dismissal of Zhang's Complaint.

UAB further provides the public record of its trademark application to the USPTO (Exhibit I to the Motion) and Zhang's Section 7 Request to change its pled first use in commerce date, together with all supporting documents to the Section 7 Request (Exhibit L to the Motion). These supporting documents, which include screenshots of Amazon.com, for example, raises issues of validity of the first use in commerce date. *See* Mot. Dismiss at 12–14. UAB's claims that Zhang fails to establish a protectable trademark right to HUUSK are based on available public records, together with the supporting documents to those records, can be properly considered by this Court in the motion to dismiss phase. UAB merely provides this Court with clarity to the misrepresentations and fabrications in Zhang's Complaint surrounding his claimed valid trademark right to support his claim.

Zhang further fails to state a cause of action for trademark infringement because his alleged first use in commerce date is not accurately stated. The Complaint merely alleges that Zhang had "a first use in commerce date of at least as early as July 25, 2021." *See* D.E. – 1, Compl. at ¶ 7. Zhang's motion for preliminary injunction, however, asserts a *newly* changed first in commerce date by way of his Section 7 Request. *See* Zhang's Mot. Preliminary Inj. at 3. By looking at the four corners of the pleading, Zhang fails to plead the requisite facts to support that it has a protectable trademark, as the first use in commerce date itself is not properly pled. UAB's claims

4

of the inconsistencies surrounding Zhang's pleadings are relevant to the validity of Zhang's trademark rights to HUUSK, and are supported by the public records UAB attaches to its Motion.

Even in the pleadings stage, UAB provides sufficient evidence that this Court can take judicial notice of to show that Zhang's asserted rights to HUUSK are invalid. As such, this Court should grant UAB's Motion, dismiss Zhang's Complaint with prejudice, and cancel Zhang's trademark registration of the Mark.

> The Lanham Act allows a court to cancel a trademark or order the USPTO to do so. *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of Creator*, 297 F.3d 662, 665–66 (7th Cir. 2002) (citing 15 U.S.C. § 1119); *Purepecha Enters., Inc. v. El Matador Spices & Dry Chiles*, 2012 WL 3686776, at *11 (N.D. Ill. 2012) (St. Eve., J.) ("Pursuant to 15 U.S.C. § 1119, federal courts may cancel registration of a trademark when warranted."). **The Seventh Circuit made clear where "a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course."** *Central Mfg., Inc. v. Brett*, 492 F.3d 876, 883 (7th Cir. 2007).

*TWD, LLC v. Grunt Style LLC*, No. 18 C 7695, 2022 WL 1092184, at *6 (N.D. Ill. Apr. 12, 2022).

Finally, Zhang did not take the opportunity under the local rules to address any of the pleading deficiencies raised by UAB. Zhang could have, but did not, elect to amend his complaint, amend the first in use date **which is admittedly wrong**, provide additional documentary backup for his claims, and otherwise address the issues highlighted by UAB's Motion to Dismiss by setting forth a proper and supported factual basis sufficient to state a claim. The public record and public domain issues which Zhang ignores are not a mere "one-off." Zhang states that UAB's position is "speculation" (*see* D.E. – 41, the Response at 7), but the truth is the opposite. Zhang's alleged first or continuous uses are unsupported and speculation. *See* D.E. – 1, Compl. Nonetheless, Zhang chooses to ignore the issues. The simple answer is that Zhang's interest is not protectable, as he alleges in conclusory fashion.

5

### B. THIS COURT MAY CONVERT UAB'S MOTION TO A RULE 56 MOTION FOR SUMMARY JUDGMENT

While UAB maintains that Zhang fails to state a claim for trademark infringement, should this Court find appropriate, UAB respectfully requests this Court to convert its Motion to Dismiss to a Federal Rule of Civil Procedure 56(c) Motion.

"Generally, if, in conjunction with a motion to dismiss, materials outside the pleadings are submitted, the motion must be converted to a Rule 56 motion for summary judgment." *See O'Chaney v. Shapiro & Kreisman, LLC*, No. 02-C-3866, 2004 WL 635060, at *2 (N.D. Ill. Mar. 29, 2004) (citing, Fed.R.Civ.P. 12(b)(6); *Tacket v. General Motors Corp.*, 93 F.3d 332, 334 (7th Cir.1996)).

Here, if this Court finds that it cannot evaluate the factual support UAB claims in its Motion in the motion to dismiss phase, UAB respectfully submits that its Motion should be converted to a Rule 56 Motion for Summary Judgment. In any event, UAB sufficiently shows that Zhang cannot withstand a claim for trademark infringement against UAB, as Zhang cannot show that he has a protectable trademark right to HUUSK.

### CONCLUSION

For the foregoing reasons, UAB respectfully requests that this Court grant UAB's Motion to Dismiss, dismiss Zhang's Complaint with prejudice, and cancel Zhang's trademark registration. In the alternative, UAB respectfully requests this Court to convert UAB's Motion to Dismiss to a Rule 56 Motion for Summary Judgment.

DATED: January 23, 2022.

Respectfully Submitted,

| **Stockman & Poropat, PLLC** | **LUBELL ROSEN, LLC** |
|---|---|
| *Counsel for Defendant* | *Co-Counsel for Defendant* |
| 371 Sunrise Highway | 200 South Andrews Avenue, Suite 900 |

6

| | |
|---|---|
| Lynbrook NY, 11563<br>Telephone: 718-657-7400<br>Facsimile: 718-657-7400<br><br>By: /s/ *Michael J. Poropat*<br>Michael J. Poropat, Esq.<br>New York Bar No. 5302096<br>Michael@StockmanPoropat.com<br>Travis J. Stockman<br>Travis@StockmanPoropat.com<br>New York Bar No. 5663919 | Fort Lauderdale, FL 33301<br>Telephone: 954-880-9500<br>Facsimile: 954-755-2993<br><br>By: */s/ Josh M. Bloom*<br>Josh M. Bloom, Esquire<br>Florida Bar No.: 88559<br>*Admitted Pro Hac Vice*<br>Marshall A. Adams, Esquire<br>Florida Bar No.: 712426<br>*Admitted Pro Hac Vice*<br>Joshua H. Sheskin, Esq.<br>Florida Bar No.: 93028<br>*Admitted Pro Hac Vice*<br>George E. Dahdal, Esquire<br>Florida Bar No.: 1031644<br>*Admitted Pro Hac Vice*<br>Primary emails:<br>JMB@LubellRosen.com<br>MAA@LubellRosen.com<br>JHS@LubellRosen.com<br>GED@LubellRosen.com<br>Secondary emails<br>Breanna@LubellRosen.com |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this January 23, 2022, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

                                                  By:    */s/ Josh M. Bloom*
                                                               Josh M. Bloom, Esquire
                                                               Florida Bar No.: 88559
                                                               JMB@LubellRosen.com