UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------------X
LONG ZHANG,
                    *Plaintiff(s)*,

      -against-                                **Case No**.: 22-cv-05057

UAB EKOMLITA                               **Judge:** Marvin E. Aspen
                    *Defendant(s)*.
-----------------------------------------------------------X

## UAB'S REPLY TO ZHANG'S RESPONSE TO UAB'S PETITION FOR PRELIMINARY INJUNCTION

Defendant, UAB EKOMLITA ("UAB" or "Defendant") respectfully submits this Reply in Support of UAB's Motion for a Preliminary Injunctions (the "Motion"), and in support thereof, respectfully states as follows:

### I. Summary of Argument

Plaintiff, LONG ZHANG's (Zhang), primary argument is that there is a presumption of superior trademark rights to the HUUSK mark (the "Mark") in his favor. This presumption, however, merely shifts the burden of production to UAB, and UAB has produced sufficient evidence to rebut the presumption. Rather than providing sales receipts, invoices, or online reviews to support his claims of first use, Zhang simply reasserts that he shows "prima facie evidence" of exclusive rights to the Mark that is predicated on a last-minute change of a first use in commerce date based on a non-probative "Date First Available" Amazon listing date. *See* D.E. - 47 at 5, 10. UAB has established through its various exhibits that it used the Mark first in commerce, had a growing market presence of the Mark well before Zhang, and has dominant common law rights to the Mark. While Zhang's Response to UAB's Preliminary Injunction Petition contains many sections, most of the sections boil down to Zhang clinging to a presumption he no longer has.

1

Zhang presents two other arguments. In support of his meritless laches defense, Zhang alleges that UAB did not immediately act when the trademark was registered, and waited once this case was filed. (*See* D.E. - 50 at 9). This is assertion has no merit; UAB was not aware of the Mark being published for public review or objection. Further, UAB only became aware when this suit was served and, as the defendant in this action, had to defend an *ex-parte* temporary restraining order ("TRO"), (D.E. - 8), file a response to Zhang's flawed Complaint, (D.E. - 33), then file its answer to Zhang's Injunction, (D.E. - 36), and only then was there time and resources to prepare and file the instant motion for an injunction against Zhang[1]. There was no significant delay, the delay, if any, is reasonable and well within the limits set by case law in this Circuit.

Zhang's final argument is also misguided. Zhang claims that, because UAB does not have an answer or a counterclaim, UAB has no claim to an injunction. Zhang, however, seems to overlook that he filed a complaint upon which UAB can prevail in its defense. This Court has Jurisdiction over the subject matter and is empowered to enter the orders requested.

## I. **Zhang's Arguments are Largely Repetitive, Despite Being Broken Down into Several Sections**

### a. **Introduction**

Zhang's repetitive arguments only fall into only three categories. First, that there is no operative pleading upon which UAB can prevail. Second, the doctrine of laches. Third, that UAB has no common law right, or other claim, to the HUUSK Mark, and as a result Zhang retains his presumption. All three arguments are fatally flawed.

> **It is a "bedrock principle[ ] of trademark law" that trademark ownership "is not acquired by federal or state registration," but rather "from prior appropriation and actual use in the market."** *Allard Enterprises, Inc. v. Advanced Programming Res., Inc.*, 146 F.3d 350, 356 (6th Cir. 1998) (quoting *Homeowners Grp., Inc. v.*

---

[1] Note that each and every pleading previously filed by UAB in this matter were designed to preserve its rights to the Mark.

2

> *Home Mktg. Specialists, Inc.*, 931 F.2d 1100, 1105 (6th Cir. 1991)). **To that end, "[r]egistration itself establishes only a rebuttable presumption of use as of the filing date."** *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 504 (7th Cir. 1992). **"[A] trademark application is always subject to previously established common law trademark rights of another party."** *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 435 (7th Cir. 1999).

*S.C. Johnson & Son, Inc. v. Nutraceutical Corp.*, 835 F.3d 660, 665–66, (7th Cir. 2016) (Emphasis Added). This bedrock principal obliterates Zhang's arguments.

UAB first notes that breaking the arguments up into multiple sections, repeatedly asserting the same thing: that UAB has no rights to the Mark, does not turn one argument into several. Further, the argument is unpersuasive, because it is based on a presumption Zhang is no longer entitled to, as explained *infra*. UAB also notes that Zhang complains that the fact that Exhibits F and G to the Motion were inadvertently converted to blank pages through the filing of the exhibits in the ECF system shows a lack of legitimacy of UAB's position. (*See* Response at 2). That problem has been corrected.[2] This inadvertent error, however, does not reflect a lack of merit. The merits of the Motion are sound. Ironically, while Zhang impugns UAB's meritorious position, Zhang ignores the manipulation of his website, www.shjvdy.xyz (*see* DE - 47 at Composite Ex. M), after UAB pointed out a number of issues in its filings as early as its Motion to Dismiss:

> In Plaintiff's trademark application, he asserts that his goods and services were first used in commerce on July 25, 2021, a date which postdates UAB's global first use by over six months. The evidence supplied by Plaintiff in his application for this trademark **included simply a screenshot of a product page for a "Huusk Sewing scissors; Professional Tailor's Scissors Stainless Steel Vintage Sewing Scissors" on a website whose root domain is www.shjvdy.xyz,** and the screenshot of an order receipt which simply shows a delivery zip code of 98570. These specimens were taken on August 31, 2021—the day after the website was created based on numerous domain research WHOIS records. See Exhibit

---

[2] While UAB discovered that Exhibits F and G to the Motion were converted to blank pages through the ECF system, the intended copy of the Exhibits were submitted to the Court and to Zhang's counsel via Regular Mail, and are attached to this Reply as Supplemental Exhibits N and O. *See* Supp. Ex.s N and O.

3

> K, Screenshot of www.shjvdy.xyz. **This website is no longer active**.

(D.E.- 33, at 10). (Emphasis added). Now the website is active and has completely changed.

> Defendant further claims that www.shjvdy.xyz, which was used as a specimen for registration 6724851, was created under the same circumstances but **was abandoned and is no longer in use**. Plaintiff used this website to procure the application fraudulently, defeating his assertion that he has a valid protectable trademark to state a cause of action.

(D.E. - 33 at 12). (Emphasis added). Now the website is active and has completely changed.

> However, there is no reason why Plaintiff would go out of his way to create a website on August 30, 2021, and screenshot that website on the next day and use that screenshot as a specimen for its use of the mark "HUUSK," if he had been selling these knives on Amazon since February of 2020 as he claims. **This evidences that the www.shjvdy.xyz specimen was a fraudulently created and provided specimen**, regardless of whether or not the mark was in use at the time of the application being filed.

(D.E. - 33 at 13). (Emphasis added). This website which only listed a few items, such as scissors was completely changed and reactivated – mid litigation – to add knives and plastered HUUSK marked items throughout the site, *which were never there before*. See D.E. – 47 at Composite Ex. M. This is not a mere filing or technological error. Zhang reactivated and substantially changed his website to apparently controvert UAB's incontrovertible factual allegations, set forth above.

Having underscored the above, there are but three arguments to address: laches, operative pleading, and rights over the HUUSK Mark.

*A: The Doctrine of Latches Does Not Apply to UAB's Request for an Injunction*

Zhang's laches argument fails for multiple, independent reasons. Zhang alleges that because UAB did not file its motion earlier, that there is no irreparable harm, and an injunction cannot issue. In support of this assertion, Zhang only cites case law on the timing of a *plaintiff's* filing for injunctions, not the timing of a defendant. *See*, *e.g.*, D.E. – 50 at 4–5.

4

UAB was required to respond to several pleadings filed by Zhang. These responses were extensive and thorough. In so doing, UAB immediately asked for the cancellation of Zhang's trademark registration in its first response to Zhang's claims, (*see* D.E. - 33) demonstrating that UAB was not sitting on its rights. UAB promptly claimed irreparable harm in this and other filings. *See* D.E. - 33, 36, 38, 47.

The fact that the Motion to Dismiss sought cancellation of the Zhang Registration early in the litigation demonstrated the imminent and serious damages accruing as Zhang asserted a claim over the U.S. Registration. Case law supports UAB's position:

> Thus, even if Piper could have objected earlier, the district court did not abuse its discretion in holding that the delay of about two years was not unreasonable, inexcusable, or unduly prejudicial. We note that two years has rarely, if ever, been held to be a delay of sufficient length to establish laches. 2 McCarthy § 31.9.

*Piper Aircraft Corp. v. Wag-Aero, Inc.*, 741 F.2d 925, 933, (7th Cir. 1984).

Further, the undersigned was unable to find any authority suggesting that a defendant fails to show irreparable harm because it sought an injunction *after* responding to a Complaint and a plaintiff's injunction motion. UAB was on notice when it received the Complaint. A few months later, after addressing required filing deadlines imposed by Zhang's initiation of suit and motions for injunctive relief, UAB filed the instant motion. That does not equate to laches, nor suggest a lack of irreparable harm:

> Praefke's delay here—four months before filing suit and demanding a temporary injunction, and another two-and-a-half months before formally moving for a preliminary injunction—is not excessive, nor is it inconsistent with irreparable harm. In *Ideal Industries, Inc. v. Gardner Bender, Inc.,* 612 F.2d 1018, 1025 (7th Cir.1979), the plaintiff waited **seven months to file suit, and another eight months to move for a preliminary injunction, but the Seventh Circuit affirmed the district court's finding of irreparable harm**. Likewise in *Porsche Cars North America, Inc. v. Manny's Porshop, Inc.,* 972 F.Supp. 1128, 1132–33 (N.D.Ill.1997), the court found

5

> irreparable harm for preliminary injunction purposes, even though the plaintiff delayed for *ten years* **before bringing suit**.

*Praefke Auto Elec. & Battery Co., Inc. v. Tecumseh Products Co.*, 123 F. Supp. 2d 470, 478, (E.D. Wis. 2000) (Emphasis added).

Similarly, the case law in the Seventh Circuit does not support Zhang's position:

> A lengthy, unexplained delay in seeking relief calls into question "how urgent the need for [preliminary] equitable relief really is." *Michigan v. U.S. Army Corps of Eng'rs*, 667 F.3d 765, 788 (7th Cir. 2011). Redbox's **eighteen-month delay** in seeking relief on its trademark claim is more than long enough to raise serious doubt regarding the appropriateness of granting the "extraordinary remedy" of a preliminary injunction. *Winter v. NRDC*, 555 U.S. 7, 24, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). **Several courts of appeals have affirmed denials (or reversed grants) of preliminary injunctions because of much shorter delays in filing suit**. *See, e.g., Garcia v. Google, Inc*., 786 F.3d 733, 746 (9th Cir. 2015) (en banc) (five-month delay); *Apple, Inc. v. Samsung Elecs. Co*., 678 F.3d 1314, 1325–26 (Fed. Cir. 2012) (several-month delay); *Tough Traveler, Ltd. v. Outbound Prods*., 60 F.3d 964, 968 (2d Cir. 1995) (nine-month delay); *see also Ixmation, Inc. v. Switch Bulb Co*., 2014 WL 5420273, at *7–8 (N.D. Ill. Oct. 23, 2014) (four-and-a-half month delay); *MB Fin. Bank, N.A. v. MB Real Estate Servs*., 2003 WL 22765022, at *8 (N.D. Ill. Nov. 21, 2003) (eight-month delay). **The longest such delay ever permitted by the Seventh Circuit appears to be nine months**. *See, Vaughan Mfg. Co. v. Brikam Int'l, Inc*., 814 F.2d 346, 351 (7th Cir. 1987), overruled on other grounds by *Two Pesos, Inc. v. Taco Cabana*, 505 U.S. 763, 766 n.4, 112 S.Ct. 2753, 120 L.Ed.2d 615 (1992). A recent survey of federal trademark decisions concluded that "*if the delay is greater than 12 months, preliminary injunctive relief is usually denied*." McCarthy, *supra*, § 31:31 (citing Sandra Edelman & Fara S. Sunderji, *Delay in Filing Preliminary Injunction Motions*: 2015 Edition, 105 Trademark Rep. 1012 (2015) ).

*Redbox Automated Retail, LLC v. Xpress Retail LLC*, 310 F. Supp. 3d 949, 953 (N.D. Ill. 2018) (Emphasis added).

UAB is well within twelve months or nine months, in fact from the date of the lawsuit's filing – when UAB first became aware of the issue – it was only five months before the motion for

preliminary injunction was filed. UAB appropriately and reasonably met the deadlines required by Zhang's offensive filings before being able to craft its own motion.

Zhang's case citations to scenarios where the plaintiff waited to file an injunction and, therefore, waived an exigency argument to establish irreparable harm, are factually and legally distinguishable on their face. In addition, UAB discovered all of the issues upon which it based its instant Motion after receipt of the complaint and discovered *additional damning facts **during its investigation in order to respond to Zhang's filings.*** UAB was required to prioritize defending against Zhang's pleadings and motions in a timely manner, including addressing Zhang's fraudulent attempt to hijack the Mark. It was only after defending its position – which allowed the discovery of the many damning facts brought to this Court's attention about Zhang's activities – could UAB go on offense through this Motion.

Zhang contradicts himself by positing that UAB overwhelmed the Court with rapid filings, attempting to get an edge in the litigation, (D.E. – 50, at 1), only next to allege that, UAB did not do it fast enough to preserve its rights. (D.E. – 50, at 9). In other words, UAB was too fast, and too slow at the same time. Zhang cannot have it both ways. UAB's filings asserted UAB's rights over the Mark, asked for the cancellation of Zhang's registration of the Mark, and sought dismissal of this suit, and made clear that UAB asserted and maintained dominant trademark rights over HUUSK and established the immediate danger of irreparable harm to UAB by Zhang's use of the Mark. UAB was neither neglecting its rights, nor ignoring the exigency of the damages it was facing at the hands of Zhang.

***B: There is an Operative Pleading Upon Which UAB Can Prevail: The Complaint***

Zhang is correct, UAB moved to dismiss the action, including a request to cancel the registration of Zhang, and did not yet file an answer or counterclaim. UAB can nonetheless prevail

7

in the action, in which it is the Defendant. The strange argument from Zhang, that there is no operative pleading upon which UAB may prove a likelihood to prevail, is nonsense. Even assuming that the Complaint is ultimately dismissed by this Court with prejudice, there are currently pending motions such as the instant one, which can be granted first or in conjunction therewith. *See Central Manufacturing, Inc. v. Brett*, 492 F.3d 876, 880 (7th Cir. 2007) ("a registrant's asserted rights to a mark are shown to be invalid, cancellation is not merely appropriate, it is the best course."); *TWD, LLC v. Grunt Style LLC*, No. 18 C 7695, 2022 WL 1092184, at *6 (N.D. Ill. Apr. 12, 2022) ("The Lanham Act allows a court to cancel a trademark or order the USPTO to do so.").

It is interesting to note that as to this motion for an injunction, Zhang has argued it was filed too late, and now that it was filed too early. Zhang posits that UAB must waive its right to file a motion to dismiss, and instead file an answer and counterclaim first in order to file this Motion. This argument obliterates common sense.

### C: UAB Has Shown It Has the Right to The HUUSK Mark

The remaining question that has been thoroughly briefed in previous filings, so this Reply will aim to keep it brief and to the point.

Zhang continues to take cover behind an asserted claim of presumption created by registration, as if that presumption is a permanent entitlement. However, it is not a permanent entitlement. *See, infra*. The presumption merely shifted the burden of production to UAB. The presumption evaporated when UAB presented significant evidence of the invalidity of the registration. *See, infra.* UAB did this through the arguments and exhibits in the other motions, such as proof of UAB's marketing efforts through its website and social media, sales, inventory

purchases, public recognition, and trademark registrations. Despite Zhang's assertions, UAB has shown it is likely to succeed on the merits in support of its injunction.

> The parties do not dispute that RWT's federal registration has not become uncontestable. RWT argued that there was nevertheless a strong presumption in favor of validity that Wonderware would have to overcome due to the fact of RWT's federal registration. **But the Seventh Circuit has held that this presumption merely shifts the burden of production of evidence to a defendant and that it "evaporates" when a defendant presents evidence to support invalidity.** *Door Systems, Inc. v. Pro–Line Door Systems, Inc.,* 83 F.3d 169, 172 (7th Cir.1996). Since Wonderware has presented such evidence, RWT cannot rely on the presumption in this case.

*RWT Corp. v. Wonderware Corp.*, 931 F. Supp. 583, 588, (N.D. Ill. 1996) (Emphasis Added).

Zhang claims that its presumption is enough to overcome UAB's arguments, essentially failing to address any of the evidence proffered, *contra* the requirements of binding case authority such as *RWT Corp.*, *Id*. Zhang ignores that UAB has proffered significant and *uncontested* evidence and analysis showing that Zhang's registration is invalid. Zhang has failed to provide any invoices or sales receipts evidencing U.S. sales to support his purported first use in commerce date. Zhang calls UAB's allegations of fraud speculation, (D.E. – 50 at 9), yet still fails to produce evidence to support its first in use dates, which it must have if the dates are correct. Invoices, shipping labels, payment receipts. UAB's evidence supports the invalidity of Zhang's trademark registration and stands uncontradicted. If UAB is mistaken, and there were sales of HUUSK marked products as of the date in the registration, then Zhang could have submitted, at the very least, invoices for U.S. orders on the date it claims it was first in commerce. However, only UAB has proven when its first U.S. sales were by way of its marketing campaigns and invoices to customers and distributors.

It is obvious from Zhang's failure to submit any invoices, sales receipts, and the like, that UAB has the first evidence of U.S. Sales. The invoices from UAB are the only evidence of sales

in the United States. UAB has the first evidence of sales of HUUSK marked items in the United States. Zhang's extensive argument on territoriality is defeated by UAB's substantial evidence of its dominant trademark rights to the Mark even in the United States. (*See* D.E. 50 – at 8). The Statement of Facts in the Response is demonstrative.

> Defendant conducts business throughout the United States, including within the State of Illinois, through the operation of the fully interactive e-commerce website www.huusk.com, which uses the "huusk" mark in commerce and in connection with Class 8 goods.

D.E. - 50 at 5 ¶1. Zhang is correct. Zhang admits that UAB conducts business throughout the United States, including in Chicago. This contradicts Zhang's bizarre argument that UAB is not distributing throughout the United States as alleged in the Motion. UAB has presented evidence of U.S. sales and UAB's significant marketing efforts and has established that UAB was the first in the market in the U.S. UAB launched a significant campaign to build the good will behind the Mark and put its knives into the streams of commerce in the United States. Zhang failed to provide any such sales or online reviews to support his first use in commerce date.

While Zhang listed knife products on Amazon.com, such listings do not establish any evidence that these knife products bore the HUUSK Mark at the time the listings were produced in 2020, as Zhang asserts. (*See, e.g.*, D.E. – 11, at Ex. A). Rather, the reviews and listings Zhang provides as evidence are merely from the year 2022, well after UAB's first use in commerce date. There are no reviews or evidence of sales of products bearing the Mark before UAB made sales in the United States. In the interim, UAB listed dozens of knives on Amazon with the HUUSK Mark, started a substantial Facebook advertising campaign leading U.S. Customers to connect the HUUSK Mark with UAB. UAB built its goodwill to the Mark, sold it first in the United States, put it into multiple streams of commerce, and had engaged in significant marketing efforts to

inform the public of the availability and desirability of UAB's HUUSK marked products. (*See* D.E. – 47 at Ex. A).

Zhang's assertion that UAB only submitted evidence of twelve sales is a red herring, because Zhang's evidence (if you can call it that) is far less. Zhang proffers no evidence of any HUUSK sales which predate those of UAB and therefore their presumption through registration crumbles. Accordingly, UAB has the first sales in the United States, should be granted an injunction and cancellation of Zhang's Registration of the HUUSK Mark. At a very minimum, the temporary injunction that was issued against UAB should be dissolved.

### III: CONCLUSION

Zhang is hiding behind a presumption he no longer possesses. UAB is the party with the first evidence of U.S. sales. Therefore, UAB requests that this Court cancel the Zhang Registration, dissolve the Temporary Injunction against UAB, and a grant a Temporary Injunction against Zhang's use of the HUUSK Mark.

DATED: March 10, 2023.

Respectfully Submitted,

**Stockman & Poropat, PLLC**
*Counsel for Defendant*
371 Sunrise Highway
Lynbrook NY, 11563
Telephone: 718-657-7400
Facsimile: 718-657-7400

By: /s/ *Michael J. Poropat*
Michael J. Poropat, Esq.
New York Bar No. 5302096
Michael@StockmanPoropat.com
Travis J. Stockman
Travis@StockmanPoropat.com
New York Bar No. 5663919

**LUBELL ROSEN, LLC**
*Co-Counsel for Defendant*
200 South Andrews Avenue, Suite 900
Fort Lauderdale, FL 33301
Telephone: 954-880-9500
Facsimile: 954-755-2993

By: */s/ Joshua H. Sheskin*
Josh M. Bloom, Esquire
Florida Bar No.: 88559
*Admitted Pro Hac Vice*
Marshall A. Adams, Esquire
Florida Bar No.: 712426
*Admitted Pro Hac Vice*
Joshua H. Sheskin, Esq.
Florida Bar No.: 93028
*Admitted Pro Hac Vice*

George E. Dahdal, Esquire
Florida Bar No.: 1031644
*Admitted Pro Hac Vice*
Primary emails:
JMB@LubellRosen.com
MAA@LubellRosen.com
JHS@LubellRosen.com
GED@LubellRosen.com
Secondary emails
Breanna@LubellRosen.com
Gary@LubellRosen.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this March 10, 2023, I electronically filed the foregoing file with the Clerk of Court using the CM/ECF system, and service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing documents via CM/ECF.

By: */s/ Joshua H. Sheskin*
   Joshua H. Sheskin, Esq.